129 F.3d 1268
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Glen H. JAMES, Defendant-Appellant.
 No. 96-3671.
 United States Court of Appeals, Seventh Circuit.
 Submitted February 10, 1997.
Decided Oct. 21, 1997.
 
 Appeal from the United States District Court for the Eastern District of Wisconsin. Before KANNE, ROVNER, Circuit Judges, and CURTIN, District Judge.*
 ORDER
 WARREN, Judge.
 
 
 1
 Glen James pled guilty to conspiracy to possess with intent to distribute in excess of five kilograms of cocaine, money laundering, and possession of a firearm during and in relation to a drug trafficking crime. He was sentenced to a total of 160 months, including a 60 month mandatory sentence for the firearm/drug trafficking count, to be served consecutively to the rest of his sentence. After the Supreme Court decided Bailey v. United States, 116 S.Ct. 501 (1995), James moved the district court, pursuant to 28 U.S.C. § 2255, to vacate his conviction for possession of a firearm during and in relation to a drug trafficking crime. The district court agreed that James' conviction on that count could not stand after Bailey and resentenced him for the two remaining counts.
 
 
 2
 On remand, the district court sentenced James to a total of 135 months, adjusting his base offense level upward two levels pursuant to Sentencing Guideline § 2D1.1(b)(1) for possession of a firearm, and three levels pursuant to Sentencing Guideline § 3B1.1(b) for his role in the offense. The court also adjusted the offense level downward three levels for acceptance of responsibility and departed four levels downward for substantial assistance to the government, resulting in an adjusted offense level of 30, two levels higher than his original sentence. James is essentially complaining about the two level adjustment he received under section 2D1.1 for possession of a firearm. He lid not receive this adjustment in his original sentencing because the court instead sentenced him to the mandatory statutory 60 consecutive months for the firearm/drug trafficking count. James contends that the court was without jurisdiction to reopen his sentence on the two counts not challenged in his § 2255 motion, and that the resentencing on those counts violates his constitutional right to be free from double jeopardy.
 
 
 3
 The day after James filed this appeal, we decided United States v. Smith, 103 F.3d 531 (7th Cir.1996), in which we rejected both of James' arguments. When a defendant raises a sentencing issue in even one count of a multi-count sentence, he is attacking the bottom line of a sentencing package. Severing part of the sentence unbundles the whole package, and the district court has jurisdiction to resentence on all remaining counts. Smith, 103 F.3d at 534. Finally, a "court may increase a sentence on an unchallenged count without violating the Double Jeopardy Clause so long as the new sentence is lawful." Smith, 103 F.3d at 535. Therefore, the district court's resentencing is AFFIRMED.
 
 
 
 *
 The Honorable John T. Curtin, of the Western District of New York, sitting by designation